UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

In re:                §
                      §
MARGARET R REEVES     §    Case No. 12-82256
                      §
         Debtor       §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter of the United States Bankruptcy Code was filed on 10/10/2012 . The case was converted to one under Chapter 7 on 06/06/2013 . The undersigned trustee was appointed on 10/10/2012 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 24,046.17 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 11,730.18 |
| Bank service fees | | 36.84 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 4,797.73 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 7,481.42 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

   The remaining funds are available for distribution.

   5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

   6.  The deadline for filing non-governmental claims in this case was  12/12/2015  and the deadline for filing governmental claims was  12/12/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

   7.  The Trustee's proposed distribution is attached as **Exhibit D**.

   8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 2,674.84 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

   The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 2,674.84 , for a total compensation of $ 2,674.84 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 68.59 , for total expenses of $ 68.59 [2].

   Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date: 03/07/2016                By: /s/Jeana K. Reinbold, Trustee
                                     Trustee



**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-82256 | TLP | Judge: | Thomas L. Perkins | Trustee Name: | Jeana K. Reinbold, Trustee |
| Case Name: | MARGARET R REEVES | | | | Date Filed (f) or Converted (c): | 06/06/2013 (c) |
| | | | | | 341(a) Meeting Date: | 07/26/2013 |
| For Period Ending: | 03/07/2016 | | | | Claims Bar Date: | 12/12/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Real Estate at 573 Lawrence, Ave., Galesburg, IL | 46,770.00 | 0.00 | | 0.00 | FA |
| 2. Checking account at Members Choice Credit Union | 5.00 | 0.00 | | 0.00 | FA |
| 3. Savings Account at Members Choice Credit Union | 5.00 | 0.00 | | 0.00 | FA |
| 4. Household Goods and Furnishings | 250.00 | 0.00 | | 0.00 | FA |
| 5. Wearing Apparel | 100.00 | 0.00 | | 0.00 | FA |
| 6. Pension - OSF | 0.00 | 0.00 | | 0.00 | FA |
| 7. 2008 Chevrolet Cobalt | 8,035.00 | 0.00 | | 0.00 | FA |
| 8. Class action lawsuit (u) A final nominal distribution is expected on the lawsuit at some point in 2016 when the final claimants are paid and the Qualified Settlement Fund established in the litigation is closed. Trustee seeks to abandon the final nominal distribution to the Debtor by approval of this Final Report. | 0.00 | 9,000.00 | | 24,046.17 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $55,165.00 | $9,000.00 | | $24,046.17 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Application to employ special counsel to prosecute settlement of class action lawsuit (asset #9) filed 9/23/15. Order approving settlement entered 11/19/15. Settlement provides for an allowance to the Debtor for her exemption following reservation of an amount for administrative claims and an amount that would have been sufficient to pay unsecured claims in full as of the date of conversion (6/6/13) said amount which has been paid.

Initial Projected Date of Final Report (TFR): 01/31/2016    Current Projected Date of Final Report (TFR): 03/31/2016

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 12-82256 | Trustee Name: Jeana K. Reinbold, Trustee |
| Case Name: MARGARET R REEVES | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX4348 |
| | Checking |
| Taxpayer ID No: XX-XXX4771 | Blanket Bond (per case limit): $114,123,713.00 |
| For Period Ending: 03/07/2016 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/21/15 | | Heard Robins Cloud Black LLP<br>6281 Tri-Ridge Blvd.<br>Suite 300<br>Loveland, OH 45140 | Settlement<br>See Court Doc. 88, 92 | | $18,914.13 | | $18,914.13 |
| | | | Gross Receipts         $24,046.17 | | | | |
| | | | MDL Fees and Expenses   ($1,683.24) | 2990-000 | | | |
| | | | Lien Resolution Fees    ($3,448.80) | 2990-000 | | | |
| | 8 | | Class action lawsuit    $24,046.17 | 1242-000 | | | |
| 01/08/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $18,904.13 |
| 01/16/16 | 3001 | McEwen Law Firm Ltd.<br>5850 Blackshire Path<br>Inver Grove Heights, MN 55076 | Attorneys fees and expenses<br>See Court Doc. 88, 92 | | | $6,598.14 | $12,305.99 |
| | | McEwen Law Firm Ltd. | Attorneys fees         ($6,252.00) | 3210-000 | | | |
| | | McEwen Law Firm Ltd. | Attorneys expenses      ($346.14) | 3220-000 | | | |
| 02/05/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $26.84 | $12,279.15 |
| 02/06/16 | 3002 | Margaret R. Reeves | Exemption Payment<br>See Court Doc. 88, 92 | 8100-002 | | $4,797.73 | $7,481.42 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $18,914.13 | $11,432.71 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $18,914.13 | $11,432.71 |
| Less: Payments to Debtors | $0.00 | $4,797.73 |
| Net | $18,914.13 | $6,634.98 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals:        $18,914.13        $11,432.71

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX4348 - Checking | $18,914.13 | $6,634.98 | $7,481.42 |
| | $18,914.13 | $6,634.98 | $7,481.42 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $5,132.04 |
| Total Net Deposits: | $18,914.13 |
| Total Gross Receipts: | $24,046.17 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-82256
Case Name: MARGARET R REEVES
Trustee Name: Jeana K. Reinbold, Trustee

| | | |
|---|---|---|
| Balance on hand | $ | 7,481.42 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Jeana K. Reinbold | $ 2,674.84 | $ 0.00 | $ 2,674.84 |
| Trustee Expenses: Jeana K. Reinbold | $ 68.59 | $ 0.00 | $ 68.59 |
| Charges: CLERK U.S. BANKRUPTCY COURT | $ 260.00 | $ 0.00 | $ 260.00 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 3,003.43 |
| Remaining Balance | $ 4,477.99 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 4 | Internal Revenue Service | $ 0.00 | $ 0.00 | $ 0.00 |

    Total to be paid to priority creditors                          $_____0.00

    Remaining Balance                                              $_____4,477.99

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $ 12,904.59  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 34.7 percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | AMEREN ILLINOIS | $ 1,591.65 | $ 0.00 | $ 552.31 |
| 2 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ 159.27 | $ 0.00 | $ 55.27 |
| 3 | Enloe Drugs LLC | $ 108.90 | $ 0.00 | $ 37.79 |
| 5 | Members Choice Credit Union | $ 5,088.34 | $ 0.00 | $ 1,765.69 |
| 6 | Members Choice Credit Union | $ 2,143.79 | $ 0.00 | $ 743.91 |
| 7 | Members Choice Credit Union | $ 955.48 | $ 0.00 | $ 331.56 |
| 8 | RJM ACQUISITIONS LLC | $ 57.22 | $ 0.00 | $ 19.86 |
| 9 | QUANTUM3 GROUP LLC AS AGENT FOR | $ 286.78 | $ 0.00 | $ 99.51 |
| 10 | UNITED CONSUMER FINANCIAL SERVICES | $ 2,003.53 | $ 0.00 | $ 695.24 |
| 11 | Midland Funding LLC by American InfoSource LP as agent | $ 509.63 | $ 0.00 | $ 176.85 |

    Total to be paid to timely general unsecured creditors      $      4,477.99

    Remaining Balance      $      0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE